**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ARTHUR DION LONGEE, <br><br> Defendant. | CR 12-40-GF-BMM <br><br> **ORDER** |

      This case was referred to United States Magistrate Judge John Johnston for a revocation hearing and findings and recommendations. Judge Johnston entered his Findings and Recommendations on April 20, 2016. Defendant admitted he had violated Standard Condition 7 of his supervised release by using marijuana and methamphetamine, he had violated Special Condition 1 of his supervised release by failing to participate in substance abuse testing, he had violated Special Condition 2 of his supervised release by failing to participate in substance abuse treatment, and he had violated Special Condition 6 of his supervised release by failing to successfully complete a sex offender treatment program. Judge Johnston found the admissions sufficient to establish the alleged supervised release violations. He recommended that this Court revoke Defendant's supervised release and commit him to the custody of the

United States Bureau of Prisons for a term of imprisonment of 5 months, with 111 months of supervised release to follow.

Defendant filed a timely objection. (Doc. 66). Defendant objects to the recommended term of custody of five months. Defendant requests the Court to reduce the custodial term of his sentence from five months to four months so he may attend a hearing in Fort Peck Tribal Court in August 2016, "in which he will attempt to regain custody of his children." (Doc. 66 at 1). The Court reviews *de novo* findings and recommendations to which a defendant objects. 28 U.S.C. § 636(b)(1). Findings and recommendations to which no objection is made are reviewed for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.,* 656 F.2d 1309, 1319 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Johnston's Findings and Recommendations in substantial part.

Defendant could be incarcerated for up to 24 months, followed by 116 months of supervised release less any custody time imposed. The United States sentencing guidelines call for a term of imprisonment of 3 to 9 months. The Court finds that a term of imprisonment of 4 months, followed by 112 months of supervised release to be an appropriate sentence. A period of custody is

warranted because this is the second time Defendant has violated the terms of his supervised release. A lengthy period of supervision is appropriate because it will help Defendant find employment and develop life skills, and it will provide Defendant the support and structure needed to address his substance abuse problem.

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 65) are ADOPTED to the extent described above. Judgment shall be entered accordingly.

DATED this 11th day of May, 2016.

Brian Morris
United States District Court Judge