IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-40-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| ARTHUR DION LONGEE, | |
| Defendant. | |

## I.  Synopsis

The United States accused Mr. Longee of violating his conditions of supervised release by failing to report for substance abuse testing, failing to report for substance abuse treatment, failing to successfully complete a sex offender treatment program, and by submitting a urine sample that tested positive for methamphetamine.  Mr. Longee's supervised release should be revoked.  He should be sentenced to seven months of custody, with 105 months of supervised release to follow.

## II.  Status

In October 2012, Mr. Longee pleaded guilty to Sexual Abuse of a Minor. (Doc. 35.)  Chief United States District Court Judge Dana L. Christensen sentenced

Mr. Longee to 24 months of custody and 120 months of supervised release. (Doc. 42.) Mr. Longee's first term of supervised release began on January 17, 2014. (Doc. 57.)

On June 11, 2014, the United States Probation Office submitted a Petition Modifying the Conditions of Release with Consent of Offender. United States District Court Judge Brian Morris signed the petition, modifying Mr. Longee's conditions of release to comply with Ninth Circuit requirements. The Probation Office also notified the Court that Mr. Longee had used marijuana. (Doc. 45.)

On September 17, 2014, Mr. Longee's supervised release was revoked because he violated the conditions of his release by using alcohol and failing to complete sex offender treatment. He was sentenced to four months of custody and 116 months of supervised release. (Doc. 53.) He began his current term of supervision on January 9, 2015. (Doc. 57.)

On July 20, 2015, the United States Probation Office filed a Report on Offender under Supervision, notifying the Court that Mr. Longee used methamphetamine, consumed alcohol, and did not report for substance abuse testing. (Doc. 56.)

On May 11, 2016, United States District Judge Brian Morris revoked Mr. Longee's supervised release because Mr. Longee used methamphetamine, failed to

report for substance abuse testing, and failed to attend substance abuse treatment. Mr. Longee's current term of supervision began on August 5, 2016. On September 21, 2016, The Probation Office filed a Report of Offender Under Supervision reporting that Mr. Longee used methamphetamine, used alcohol, failed to report for substance abuse testing, and failed to attend substance abuse treatment. (Doc. 70.) At the Probation Office's request, Judge Morris allowed Mr. Longee to continue with supervision.

**Petition**

On October 24, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Longee's supervised release. The Probation Office accused Mr. Longee of violating the conditions of his supervised release by failing to report for substance abuse testing, failing to report for substance abuse treatment, failing to successfully complete a sex offender treatment program, and by submitting a urine sample that tested positive for methamphetamine. Based on the petition, Judge Morris issued a warrant for Mr. Longee's arrest. (Doc. 72.)

**Initial appearance**

On November 3, 2016, Mr. Longee appeared before the undersigned in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States

Attorney Jessica Betley represented the United States.

Mr. Longee said he had read the petition and understood the allegations. Mr. Longee waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing commenced.

**Revocation hearing**

Mr. Longee admitted that he violated the conditions of his supervised release as alleged in the petition The violations are serious and warrant revocation of Mr. Longee's supervised release.

Mr. Longee's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months and ordered to remain on supervised release for 112 months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended a sentence at the low end of the guideline range. Ms. Betley recommended a sentence in the high-end of the guideline range.

### III.   Analysis

Mr. Longee's supervised release should be revoked because he admitted violating its conditions. Mr. Longee should be sentenced to seven months of custody, with 105 months supervised release to follow. This sentence would be

sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

## IV.  Conclusion

Mr. Longee was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Longee's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Longee's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Mr. Longee violated the conditions of his supervised release by failing to report for substance abuse testing, failing to report for substance abuse treatment, failing to successfully complete a sex offender treatment program, and by submitting a urine sample that tested positive for methamphetamine.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Longee's supervised release and committing Mr. Longee to the custody of the United States Bureau of Prisons for seven months.  He should be sentenced to 105 months of supervised release.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO
OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 8th day of November 2016.


John Johnston
United States Magistrate Judge