# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ARTHUR DION LONGEE, <br><br> Defendant. | CR 12-40-GF-BMM-JTJ <br><br> **FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Arthur Dion Longee (Longee) has been accused of violating the conditions of his supervised release. Longee admitted all of the alleged violations, except alleged violation 3. The Court dismissed alleged violation 3 on the government's motion. Longee's supervised release should be revoked. Longee should be placed in custody for 12 months, with no supervised release to follow.

## II. Status

Longee pleaded guilty to Sexual Abuse of a Minor on October 22, 2012. (Doc. 34). The Court sentenced Longee to 24 months of custody, followed by 10 years of supervised release. (Doc. 42). Longee's current term of supervised release began on August 14, 2019. (Doc. 117 at 3).

**Petition**

The United States Probation Office filed a Petition on November 18, 2019, 2019, requesting that the Court revoke Longee's supervised release. (Doc. 117). The Petition alleged that Longee had violated the conditions of his supervised release: 1) by failing to report for substance abuse treatment; 2) by using methamphetamine; and 3) by failing to report for sex offender treatment.

**Initial appearance**

Longee appeared before the undersigned for his initial appearance on January 14, 2020. Longee was represented by counsel. Longee stated that he had read the petition and that he understood the allegations. Longee waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 14, 2020. Longee admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse treatment; and 2) by using methamphetamine. Longee denied alleged violation 3. The Court dismissed alleged violation 3 on the government's motion. The violations that Longee admitted are serious and warrant revocation of his supervised release.

Longee's violations are Grade C violations. Longee's criminal history category is I. Longee's underlying offense is a Class C felony. Longee could be incarcerated for up to 24 months. Longee could be ordered to remain on supervised release for up to 85 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Longee's supervised release should be revoked. Longee should be incarcerated for 12 months, with no months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Longee that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Longee of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Longee that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Longee stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

That Arthur Dion Longee violated the conditions of his supervised release: by failing to report for substance abuse treatment; and by using methamphetamine. Longee denied alleged violation 3. The Court dismissed alleged violation 3 on the government's motion.

The Court **RECOMMENDS**:

That the District Court revoke Longee's supervised release and commit Longee to the custody of the United States Bureau of Prisons for 12 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 14th day of January, 2020.

John Johnston
United States Magistrate Judge